UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:97-CR-100-1-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES EDWARD ELLERBE | ) | |

This matter is before the court on defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

This section permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582. U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range." U.S.S.G. § 1B1.10(a)(2)(B).

Here, defendant relies on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 750. Pertinent to defendant's case, Amendment 750 raised the threshold quantity of crack cocaine to trigger the maximum base offense level to 8.4 kilograms. See U.S.S.G. § 2D1.1(a)(5), (c)(1). This amendment applies retroactively. U.S.S.G. § 1B1.10(c).

In accordance with this district's practice regarding § 3582(c)(2) motions based on Amendment 750, the Probation Office reviewed defendant's case to provide an opinion to the court on whether defendant is eligible for relief. By memorandum issued to counsel on 10

January 2012, the Probation Office recommended to the court that defendant be deemed ineligible for relief because the amount of crack cocaine involved is 8.4 kilograms or greater.  In response to this recommendation, defendant filed a reply brief.  Defendant contends that this court has never conclusively decided that the amount of crack cocaine attributable to defendant is more than 8.4 kilograms.  (Reply, DE # 272, at 1.)  The court disagrees.

At sentencing, defendant did object to the drug quantity attributable to him.  (1/13/98 Tr., DE # 157, at 23.)  The court heard the testimony of an investigating law enforcement officer on this issue.  (Id. at 27-51.)  The court overruled defendant's objection and stated, "The Court feels that– based on the preponderance of the evidence that it was way in excess of the minimum amount required to carry the level of 38, that amount being 1.5 kilo[s].[1]  And as counsel for the Government contends, the evidence is it appears that there was substantially more than that." (Id. at 54-55.)  After ruling on defendant's remaining objections, the court adopted the factual findings in the presentence report, with the exception of those related to defendant's possession of a dangerous weapon.  (See id. at 58 ("The Court adopts the factual findings and guideline applications in the presentence report except the Court sustains the objection by the defendant that he should not be given a two level increase for possession of a dangerous weapon and therefore determines that the total offense level is 38 . . . .").)  By overruling defendant's objection to the drug quantity and by adopting the factual findings in the presentence report, the court did make a finding as to the quantity of crack cocaine, that being, an amount in excess of 14 kilograms.  (See PSR ¶¶ 19, 48.)  The Fourth Circuit Court of Appeals affirmed this court's holding defendant responsible for the then-minimum amount of crack cocaine to trigger the

---

[1] At the time of defendant's sentencing in 1998, 1.5 kilograms of crack cocaine was the threshold amount to trigger the maximum base offense level.  U.S.S.G. § 2D1.1(c) (1997).

maximum base offense level:

> Ellerbe's presentence report recommended holding him responsible for 1.5 kilograms of cocaine because the protection and information he afforded his coconspirators enabled them to distribute over fourteen kilograms of cocaine during the course of the conspiracy. Ellerbe did not present evidence challenging the accuracy of this amount. The government, however, presented evidence that in the six years the conspiracy existed Ellerbe had actual and constructive knowledge that the drug dealers he was protecting sold far more than 1.5 kilograms of cocaine. One of Ellerbe's coconspirators admitted to selling as much as twelve kilograms during the course of the conspiracy, while another admitted to selling over ten kilograms. On one occasion Ellerbe discussed with a coconspirator the possibility of personally purchasing a kilogram of cocaine. This evidence and the substantial payments Ellerbe received from his coconspirators support the district court's finding that Ellerbe could have reasonably foreseen the distribution of 1.5 kilograms of cocaine during the course of the conspiracy.

United States v. Ellerbe, No. 98-4058, 1999 WL 64289, *3 (4th Cir. Feb. 11, 1999) (unpublished).

Despite the fact that both this court and the Court of Appeals made reference to 1.5 kilograms, the finding the court made is a quantity of crack cocaine in excess of 14 kilograms. See United States v. Jackson, 444 F. App'x 760, 762-63 (5th Cir. 2011) (unpublished) (affirming the district court's denial of a sentence modification based on the guideline amendment where the district court had made statement regarding 1.5 kilogram "involvement," yet the district court had adopted the presentence report's finding of 40 kilograms of crack cocaine). With this quantity of crack cocaine, even with the guideline amendment, defendant's base offense level remains the maximum, 38. Because the amendment does not have the effect of lowering defendant's guideline range, the court cannot reduce defendant's sentence. See U.S.S.G. § 1B1.10(a)(2)(B).

The motion is DENIED.

This 2 April 2012.

                                            W. Earl Britt
                                            Senior U.S. District Judge